UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL T. LEE,

     Plaintiff,

v.                                                   Case No.:  2:25-cv-265-SPC-NPM

OFFICER STRICKLAND,

     Defendant.

_____/

## **OPINION AND ORDER**

Before the Court is Defendant Officer Strickland's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 21).  Plaintiff Daniel T. Lee—a prisoner of the Florida Department of Corrections (FDOC)—alleges that Strickland verbally harassed him on several occasions and "assaulted" him in a prison dining hall. (Doc. 7 at 3-5).  Strickland moves to dismiss on the grounds that Lee failed to exhaust his administrative remedies and failed to accurately disclose his litigation history. (Doc. 21 at 11-15).  Lee did not respond.  Because Lee abused the judicial process by misrepresenting his litigation history, the Court grants the motion and dismisses this case without prejudice.[1]

---

[1] Before the motion to dismiss was filed, Lee asked the Court to transfer him from Charlotte Correctional Institution to Dade Correctional Institution. (Doc. 10).  This request is denied because the Court "has no authority to order the FDOC to transfer [Lee] to a specific institution." *Townsend v. Palmer*, No. 5:12-cv-176-MP-GRJ, 2012 WL 2155296, at *3 (N.D. Fla. June 12, 2012).

The civil-rights complaint form required Lee to identify all prior lawsuits "relating to the conditions of [his] imprisonment." (Doc. 7 at 9-10). He did not list any cases. (*Id.*) Instead, in the space reserved for identifying the parties to a prior lawsuit, Lee wrote "No." (*Id.* at 10). And in the space reserved for identifying the court that heard a prior lawsuit, Lee wrote "None." (*Id.*) These statements are false. Before bringing this case, Lee filed at least two federal lawsuits relating to the conditions of his imprisonment: *Lee v. Fla. Dep't of Corr.*, No. 9:21-cv-80681-JEM (S.D. Fla.), and *Lee v. Governor, State of Fla.*, No. 2:22-cv-14254-JEM (S.D. Fla.). In his motion to dismiss, Strickland cited these cases and argued that Lee abused the judicial process by "fail[ing] to accurately list out his prior litigation." (Doc. 21 at 13). As noted above, Lee did not respond to the motion.

The disclosure requirement is important for two reasons. First, it "enable[s] courts to . . . apply the 'three strikes rule,' under 28 U.S.C. § 1915(g), for prisoners proceeding *in forma pauperis*." *Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018). Second, it allows courts to "dispose of successive cases that relitigate old matters." *Id.* "These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form." *Simmons v. Kolodziej*, No. 3:23-cv-20567-LC-ZCB, 2024 WL 4729762, at *4 (N.D. Fla. Oct. 21, 2024), *adopted by* 2024 WL 4728023 (N.D. Fla. Nov. 8, 2024).

Dismissal without prejudice is an appropriate sanction for violating the disclosure requirement. "[A] sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources." *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018). Indeed, the Eleventh Circuit has repeatedly found dismissal without prejudice appropriate when a prisoner misrepresents his litigation history. *See, e.g.*, *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (district court "had inherent authority to dismiss [plaintiff's] complaint without prejudice as a sanction for his failure to disclose his full litigation history as required by the standard inmate complaint form"); *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose a prior lawsuit was an abuse of the judicial process warranting dismissal without prejudice).

Lee abused the judicial process by misrepresenting his litigation history. He offers no justification for his lack of candor, nor is any apparent from the record. So this case will be dismissed without prejudice as a sanction for Lee's failure to disclose his prior lawsuits.[2] *See Perry v. Locklear*, No. 18-12101, 2019

---

[2] Because Lee's abuse of the judicial process is dispositive, the Court need not address whether he failed to exhaust his administrative remedies. *See Gaguski v. Humphrey*, No. 5:13-cv-97-MTT, 2014 WL 1247812, at *1 (M.D. Ga. Mar. 25, 2014) ("Because the Court finds that Plaintiff has abused the judicial process, Defendant's remaining contentions [including exhaustion of administrative remedies] are not discussed herein.").

WL 2240535, at *2 (11th Cir. May 14, 2019) (affirming dismissal of action "without prejudice due to [plaintiff's] failure to disclose prior litigation").

Accordingly, it is

**ORDERED:**

1.     Officer Strickland's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 21) is **GRANTED**.

2.     This case is **DISMISSED without prejudice** for abuse of the judicial process.

3.     Lee's Motion for Transfer (Doc. 10) is **DENIED**.

4.     The Clerk shall enter judgment, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: TpaP-2
Copies:  All Parties of Record

4